IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01833-BNB

JASPER L. GARCIA,

Applicant,

v.

SUSAN JONES,
ARISTEDES ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 2 0 2009

GREGORY C. LANGHAM
CLERK

ORDER TO DRAW IN PART AND TO DISMISS IN PART

Applicant Jasper L. Garcia is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Garcia, acting *pro se*, initiated this action by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Mr. Garcia is challenging the validity of his conviction and sentence in the Denver County District Court in Case No. 03CR2204.

On August 25, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On September 9, 2009, Respondents filed a Pre-Answer Response. Mr. Garcia also filed a

pleading titled, "Pre-Answer Response," on September 3, 2009, but he did not file a reply subsequent to Respondents filing their Pre-Answer Response.

The Court must construe liberally the Application and the September 3, 2009, pleading filed by Mr. Garcia because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part and dismissed in part.

Mr. Garcia was convicted by a jury of one count of first degree assault and one count of disorderly conduct and was sentenced to sixteen years of incarceration. (Pre-Answer Resp. at App A.) Mr. Garcia appealed the conviction, and on August 13, 2007, the Colorado Supreme Court denied Mr. Garcia's petition for writ of certiorari in his direct appeal.

Mr. Garcia also filed (1) a Colo. R. Crim. P. 35(b) postconviction motion on November 28, 2007, that was denied by the trial court on July 8, 2008; and (2) a Colo. R. Crim. P. 35(c) postconviction motion on July 25, 2008, that was denied by the trial court on July 28, 2008. Respondents concede, and the Court agrees, that the Application is timely under 28 U.S.C. § 2244(d).

Mr. Garcia asserts three claims, including (1) insufficient evidence; (2) trial court error regarding expert opinion; and (3) incorrect jury instructions. Respondents contend that Claims One and Three are exhausted, but Claim Two is procedurally barred. Respondents argue Mr. Garcia failed to present Claim Two to the state courts as a

federal constitutional question in his direct appeal, and when he did present the claim in his Rule 35(c) postconviction motion he failed to exhaust his state court remedies by appealing the district court's denial of the postconviction motion. Respondents conclude that because Mr. Garcia has failed to assert cause and prejudice or a fundamental miscarriage of justice Claim Two is procedurally barred

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See **Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. ***Picard v. Connor***, 404 U.S. 270, 278 (1971); *see also **Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional

3

claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Garcia's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998). An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Based on the Court's review of Mr. Garcia's state court appellate briefs, the Court finds that Mr. Garcia raised the trial court error claim in state court solely as a matter of state law. Even if the Court were to find that Mr. Garcia raised Claim Two as a federal constitutional claim in his Rule 35(c) postconviction motion, Mr. Garcia concedes that he did not appeal the district court's denial of his postconviction motion. Therefore, the Court finds Mr. Garcia failed to exhaust his state court remedies in the trial court error claim that he is raising in this action.

Mr. Garcia no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. With limited exceptions that are not applicable to Mr. Garcia's trial court error claim, the Colorado Rules of Criminal Procedure bar him from raising a claim in a successive postconviction motion. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).

In his Reply, Mr. Garcia fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his due process claim will result in a fundamental miscarriage of justice. Therefore, the Court finds that Claim Two is procedurally barred and must be dismissed. Accordingly, it is

ORDERED that Claim Two is dismissed for the reasons stated in this Order. It is

FURTHER ORDERED that Claims One and Three and this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 20 day of November, 2009.

BY THE COURT:

*(signature)*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-01833-BNB

Jasper L. Garcia
Prisoner No. 122411
Centennial Corr. Center
P.O. Box 600
Cañon City, CO 81215-0600

John D. Seidel
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/20/09

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk